HINES v. MAULDIN.

Opinion delivered November 22, 1920.

RAILROADS—PARTIES DEFENDANT.—Under Federal Control Act March 21, 1918, § 10, authorizing actions to be brought against "carriers," an action for personal injuries received by a passenger while the road was in the hands of the Director General was properly brought against the railroad company, notwithstanding the Director General's order that such suits should be brought against him and not otherwise; such order being unauthorized.

Appeal from Nevada Circuit Court; *George R. Haynie,* Judge; affirmed.

Action by Fred Mauldin, a minor, by his father, R. O. Mauldin, against the Director General of Railroads and the Missouri Pacific Railroad Company, for personal injuries received by reason of defendant's negligence · while a passenger on defendant's train.

*E. B. Kinsworthy* and *R. E. Wiley,* for appellant.

It was error to render judgment against the Missouri Pacific Railway Company. The Ault case in 216 S. W. 3 is not applicable here and does not control this, and the order of the Director General No. 50, October 28, 1918, was in force at the time of the injury, and no action can be maintained against the company. The President of the United States by proclamation took possession and assumed control of the railway company, and the company was not liable. Chap. 25, § 10, 40 Stat. 456 (U. S. Comp. Stat. 1918, § 3115¾ j). Under this section the company was not liable. 140 Ark. 572. The company

was under the control of the Director General of the United States, and the company was not liable under the Federal Control Act and the judgment should be reversed.

The Ault case, 140 Ark. 572, fully settles this case against the contention of appellant. Under the Federal act a suit was clearly maintainable against the railroad company. 255 Fed. 795; 172 N. W. 918; 185 *Id.* 701; 257 Fed. 757; 102 S. E. 399; 84 So. Rep. 706. The interpretation of the act by the Director General is of no binding force, as the Director General and the company are both liable under the act.

WOOD, J. The appellee recovered judgment against the appellants in an action for damages for personal injuries. On the 21st day of September, 1919, the day on which the injury occurred, the Missouri Pacific Railroad Company (hereafter called company) was controlled, and the train causing the injury was being operated, by the Director General of Railroads. For that reason the appellant company asked the trial court to instruct the jury to return a verdict in its favor, which request the court refused. The only question presented on this appeal is whether or not the court erred in this ruling.

On December 26, 1917, under authority granted by Congress, the President of the United States issued a proclamation by which the company was placed under the control of the Director General of the Railroads. On March 21, 1918, Congress enacted a law, which, among other things, provides: ''Carriers, while under Federal control, shall be subject to all laws and liabilities as common carriers, whether arising under State or Federal laws or at common law, except in so far as may be inconsistent with the provisions of this act or any other act applicable to such Federal control or with any order of the President. Actions at law or suits in equity may be brought by and against such carriers and judgments rendered as now provided by law; and, in any action at law or suit in equity against the carrier, no defense shall

be made thereto upon the ground that the carrier is an instrumentality or agency of the Federal Government.''

Under proclamations by the President on December 26, 1917, and April 11, 1918, it is provided, among other things, that "until and except so far as said director shall from time to time otherwise by general or special orders determine, such systems of transportation shall remain subject to all existing statutes, but any orders, general or special, hereafter made by said director shall have paramount authority and be obeyed as such.''

On October 28, 1918, the Director General issued a general order, No. 50, which, among other things, provides that "actions at law, suits in equity and proceedings in admiralty hereafter brought in any court based on contract, binding upon the Director General of Railroads, claim for death or injury to person, or for loss or damage to property, arising since December 31, 1917, and growing out of the possession, use, control or operation of any railroad or system of transportation by the Director General of Railroads, which action, suit or proceeding but for Federal control might have been brought against the carrier company, shall be brought against William G. McAdoo, Director General of Railroads, *and not otherwise.*''

The appellant company contends that, since this order of the Director General was in force at the time of the injury to Mauldin, for which the appellee recovered judgment, this action can not be maintained against the company. In *Missouri Pacific Railroad Co.* v. *Ault,* 140 Ark. 572, we had occasion to construe section 10 of the Federal Control Act, *supra.* We there said: "We are unable to find anything in the language or context used that indicates that the word "carriers" referred to the Director General. On the contrary, the plain meaning is that, so far as suing and being sued is concerned, the railroad occupied exactly the same status after being taken over by the Government as before.''

Again, in that case we quote the language of Judge Hand

in *Jensen* v. *Lehigh Valley Rd.*, 255 Fed. 795, as follows: "It appears to me that Congress pretty clearly meant, by the term 'carriers,' the corporations themselves, and that the right to sue them must remain, certainly till it is changed by some valid provision."

The appellant contends that the Ault case is not controlling here for the reason that the cause of action arose in that case before general order No. 50, *supra,* was issued, whereas the cause of action in the present case arose after the issuance of such order. But such a distinction in the facts, if there be such distinction, can make no difference in the construction to be placed upon section 10 of the Federal Control Act, *supra,* authorizing "actions at law and suits in equity to be brought against the carriers." The proclamations of the President and the orders of the Director General under such proclamations can not rise higher than the source from which the President derived his authority to make such proclamations. Neither section 10 of the Federal Control Act, nor any subsequent act of Congress, confers upon the President the power to authorize the Director General of Railroads to set aside the act of Congress, from which alone the President derived his power. The effect of the proclamation of the President and the order of the Director General under it, if given the construction contended for by the appellant, would be to set aside the express provision of section 10 of the Federal Control Act, authorizing actions to be brought against the carriers. This is beyond the power of the President and Director General.

We are aware that there is a contrariety of view in the decisions of various courts upon the construction of the statute, but until the Supreme Court of the United States, the highest authority on the subject, has spoken, we adhere to our conclusion in *Missouri Pacific Railroad Co.* v. *Ault, supra,* believing that such a decision is based upon sound reason, and that it is the correct interpretation of the Federal Control Act.

The judgment of the circuit court is therefore affirmed.